PEDRO MUÑIZ FIGUEROA, Petitioner and Appellant, *v*. GERARDO DELGADO, ETC., Defendant and Appellee.

No. O-68-256.        Decided May 8, 1969.

*Pedro Muñiz Figueroa, pro se. Rafael A. Rivera Cruz, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General, and Lydia Nieves Franqui, Assistant Solicitor General,* for appellee.

JUDGMENT

Appellant pleaded guilty of a violation of the Escape Act (Felony). The information reads as follows:

"The prosecuting attorney files an information against PEDRO MUÑIZ FIGUEROA, who, on or about November 9, 1965, and in Mayagüez, Puerto Rico, which is part of the Judicial District of Puerto Rico, unlawfully, willfully, maliciously, and with criminal intent, and while serving a sentence for Robbery, not yet fully served, of from three to ten years in the penitentiary imposed on him by the Superior Court of P.R., Mayagüez Part, on June 16, 1964; another for Grand Larceny, not yet served, of from two to seven years in the penitentiary, imposed on him by the Superior Court of P.R., Mayagüez Part, on February 12, 1959; another for Robbery, not yet served, of from two to five years in the penitentiary, imposed on him by the Superior Court of P.R., Mayagüez Part, on February 12, 1959, he escaped from the Penal Farm in Mayagüez."

The court found him guilty of the offense charged against him but in subsequent degree and ordered him to serve from 10 to 13 years in the penitentiary.

Against said sentence defendant filed before the Superior Court, San Juan Part, a motion which he entitled "Motion To Vacate Judgment," and at the same time filed a petition for disqualification against all the Judges of the Mayagüez Part of the Superior Court. Considering them as a petition for habeas corpus, the San Juan Part changed venue of both motions to the Mayagüez Part of the Superior Court. The latter set the petition for a hearing on the merits and appointed an attorney for petitioner.

After denying the motion for change of venue and hearing the parties, said court denied the petition. Against said judgment appellant filed this appeal.

He maintains that the constitutional guarantee of equal protection of the laws has been violated in imposing upon him a penalty in excess of the 10 years fixed by § 152 of the Penal Code, since, as he had committed the offense of escape for the first time, it could not be considered as subsequent on the grounds of convictions for other felonies under the provisions of § 56 of the Penal Code (33 L.P.R.A. § 131).

This contention has already been decided against appellant in *Acosta Linares* v. *Delgado, Warden,* 96 P.R.R. 396 (1968).

However and even though appellant has not raised it, his conviction for said offense of escape in subsequent degree was inappropriate in the absence of the allegation in the information to the effect that the subsequent offense is charged against defendant. The reference to the sentences he was serving were part, and were necessary elements of the offense of escape.

The judgment appealed from is reversed, and the sentence rendered against defendant in case G-65-320 of the Superior Court, Mayagüez Part is vacated and the case is remanded with instructions to the trial court to enter a new sentence

within the limits fixed in § 152 of the Penal Code (33 L.P.R.A. § 509).

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice. Mr. Justice Santana Becerra concurs, but expresses his position on a separate opinion.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*

—O—

Separate opinion of MR. JUSTICE SANTANA BECERRA, with whom MR. JUSTICE HERNÁNDEZ MATOS joins, concurring in the result.

San Juan, Puerto Rico, May 8, 1969

In accordance with the dissenting position I assumed on the case of *Acosta Linares* v. *Delgado, Warden*, 96 P.R.R. 396 (1968), and in view of the fact that in this judgment the Court refers to the same with approval, I wish to make clear that in concurring with my vote in the judgment we now render, I maintain my prior position unchanged insofar as the subsequent condition of an escape is concerned.

After issuing my opinion of June 28, 1968, I kept on making a research of authorities or precedents that would support the position of the majority on that occasion. As far as I have been able to search I have not found any precedent, not even from the section from where we adopted our Penal Code articles about escape and subsequent offense.

Once more I ratify myself in the view that to use the felony for which sentence is being served as ground to punish,

as a subsequent offense the escape which occurs while serving said sentence, without it being a question of a second escape in itself, has the same inevitable effect as if this Court would have legislated a *minimum* penalty of 10 years for the offense of escape when the escape occurs while serving a sentence for a felony. This minimum penalty was not imposed by the law-maker who, by Act No. 447 of May 14, 1952, limited himself to state that such escape would be punished as a felony and whose only distinction was that the sentence of escape could not be considered concurrent with the others which were being served.